# UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re | : | Chapter 7 |
| | : | |
| CATHERINE O. PICCOLI, | : | Bankruptcy No. 05-35170DWS |
| aka Catherine A. Piccoli, | : | |
| aka Catherine Ann Piccoli, | : | |
| | : | |
| Debtor. | : | |

# MEMORANDUM OPINION

**BY:  DIANE WEISS SIGMUND, Chief Bankruptcy Judge**

Before the Court is the Debtor's Motion for Reconsideration (the "Reconsideration Motion") of Order Denying Objections to Proofs of Claim of Discover Bank/Discover and Citibank/Choice (together the "CC Creditors").  On September 27, 2006 I issued an Opinion and Order rejecting Debtor's contention that her deceased husband, not she, was responsible for existing liabilities under three credit cards bearing her name and allowed the claims as filed.  The Opposition to the Claim Objections and the Reconsideration Motion was lodged by Terry Dershaw, the Chapter 7 trustee (the "Trustee").

**DISCUSSION**

Section 502(j) provides that a claim that has been allowed or disallowed may be reconsidered "for cause." [1] The Debtor advances three grounds for reconsideration.  First, she

---

[1]  It is implemented by Federal Rules of Bankruptcy Procedure 3008 and 9024, the latter making clear that the time period for reconsideration for a contested claim may be up to one year
(continued...)

argues that the CC Creditors did not appear to defend their claims but rather the Trustee who has no standing did so.[2]  Second, she claims that I erred in denying the objections in their entirety since the Trustee only presented evidence as to two of the three claims.  Third, she contends that I erred in allowing the full claim as filed rather than only those amounts attributable to charges arising from Debtor's use of the cards.[3]

## A.  Standing

Debtor argues that a trustee has no standing to "prosecute particular claims against the estate."  In support of that contention, she cites CBS, Inc. v. Folkes (In re Folkes), 211 B.R. 378 (9th Cir. BAP 1997) and Logan v. Becker et al. (In re Inner City Management, Inc.), 304 B.R. 250 (Bankr. D. Md. 2003).  Both stand for the broad proposition that a trustee is prohibited from asserting personal claims on behalf of a creditor where the estate has no interest in the claims.  Neither deal with a trustee's standing to oppose a debtor's objection to a proof of claim nor address the statutory authority conferred by the Bankruptcy Code and

---

(...continued)
and longer if uncontested.

[2] This contention is raised for the first time on reconsideration.  However, as standing is jurisdictional, it is never waived and may be raised at any time, even by an appellate court *sua sponte*. In re Weaver, 632 F.2d 461, 462 n.6 (5th Cir. 1980).

[3] Presumably in pursuit of this point her counsel introduced Exhibit D-1.  Contending that he had not received a complete copy of the account statements introduced without objection at the last hearing (a claim disputed by the Trustee's counsel), Exhibit D-1 is his compilation of the information contained in those statements according to payment made, date of payment and nature of charge (finance, cash advance and charge, late fee as credit card protection fee). This compilation provides nothing new as I had done the same analysis to test Debtor's testimony that she had never used the credit cards.  I will address the conclusion that Debtor wishes I would reach from this compilation below.

Rules with respect to the trustee's role in the claim process.[4] The Trustee, on the other hand, points to §§501(c), 704(a)(5) and Bankruptcy Rule 3007 as supportive of his standing in this matter. Section 501(c) authorizes the trustee to file a proof of claim if the creditor fails to timely do so, § 704(a)(5) mandates that a trustee examine proofs of claim and object to the allowance of any claim that is improper "if a purpose would be served," and Bankruptcy Rule 3007 provides for service on the trustee of all objections to claims. Notably neither of these sections nor the Rule confer authority on a trustee to oppose claim objections. Since opposition to a claim objection, if successful, would most likely have the effect of reducing the distribution to other creditors of the estate, the statutory void is not surprising. However, both parties appear to assume that there is sufficient value in the assets of the estate to pay all creditors in full.[5] If so, the success of the Trustee's position will not decrease the distribution to other creditors but rather assure a distribution to the CC Creditors versus the Debtor. This most likely explains the view of the Trustee's counsel that his opposition to the

---

[4] CBS held that a creditor had no standing to object to discharge based on an alter ego claim that was property of the bankruptcy estate of the debtor's corporation and that the objection could only be pursued by the trustee. Inner City Management held that a trustee had no standing to prosecute a cause of action for damages to creditors caused by the fraudulent conduct of the debtor and entities under his control.

[5] Given the Debtor's filing of the claim objection and the Trustee's lack of objection to the Debtor's standing, I can only assume that both believe there is equity in the property of the estate that would be available to Debtor. If not, one has to question Debtor's standing to bring the objection in the first place. In re Cult Awareness Network, Inc., 151 F.3d 605, 607 (7th Cir. 1998), stated:

> To have standing to object to a bankruptcy order, a person must have a pecuniary interest in the outcome of the bankruptcy proceedings. Only those persons affected pecuniarily by a bankruptcy order have standing to appeal that order.... Debtors, particularly Chapter 7 debtors, rarely have such a pecuniary interest because no matter how the estate's assets are disbursed by the trustee, no assets will revert to the debtor.

Objection, notwithstanding the CC Creditors' failure to appear, is consistent with his statutory role and in the interest of justice.[6]

Finding that both parties have taken a broad brush approach to this important issue, I would be inclined to turn the question back to them for further articulation and authority for their views.[7] However, as the resolution of any claim objection is often determined by analyzing the applicable burdens of proof, I find that the Trustee's standing or lack thereof is not a necessary foundation to my Order.

As noted in the Opinion,

> **Even before the trustee introduced the Statements that belied Debtor's testimony**, Debtor's self-serving testimony that the accounts belonged solely to her deceased husband was insufficient to refute the prima facie effect of the proof of claim which attached Claimant's business record reflecting Debtor's name alone.

Opinion at 5. I went on to observe that since Debtor had never notified the creditors of her husband's demise, his name would appear somewhere on the account record and does not. Moreover, Debtor acknowledged the Discover claim as her own undisputed obligation in Schedule F and could not explain why her position had changed. She also provided no

---

[6] He also acknowledged that the self-interest of the Trustee is implicated since the greater the distribution, the larger the Trustee's compensation.

[7] There are many unaddressed issues. If standing is not waivable (and can indeed be raised *sua sponte* by the court), does the Debtor have standing to object to the claims in the first place? Has the Debtor waived her objection to the Trustee's standing by not objecting to the admission of the Trustee's documentary evidence and adopting the Trustee's exhibit by presenting her analysis of the Debtor's use of the credit cards upon reconsideration? Moreover even if the Trustee had no standing, what is the evidentiary effect of a document admitted into the record without objection? Is it and the testimony related to it precluded from consideration? Are we talking about constitutional or statutory standing? For what purpose did Congress give the trustee the power to file a claim under § 502 and is it served in this case? Since the Code allows a trustee to file a proof of claim when a creditor fails to do so, how is that different than a trustee supporting a claim objected to by the debtor?

explanation for her more cryptic scheduling of the Citibank claim which she likewise had scheduled as undisputed. Having concluded that Debtor had not rebutted the *prima facie* effect of the validly filed claims with her vague and conclusory testimony,[8] they are entitled to be allowed as filed. The additional evidence only underscored the correctness of the legal conclusion I reached and is unnecessary to the Order.

B. Other Grounds

Because I find that the Trustee's participation in this contested matter did not affect the outcome, the contention that I failed to substantiate the disallowance of the claim in which no documentary evidence was admitted by the Trustee similarly fails. In any event, a reading of the Opinion proves that not to be the case. I expressly stated that I did not find Debtor's testimony to be credible and that "she had failed to shift the burden on either of these **claims**" (i.e., Discover Bank and Citibank/Choice versus accounts) (emphasis added).

Finally while disclaiming the Trustee's standing, the Debtor asks me to review the Statements that the Trustee admitted to conclude that only the charges and advances the Debtor made should be allowed claims. As noted Debtor's counsel's analysis was similar

---

[8] Debtor's testimony on direct examination was short and inconclusive. Stating that the accounts were her husband's who died years before and not hers, she simply denied responsibility for the obligations. She gave no explanation for the presence of her name and not his on the accounts and even without the benefit of the cross examination of the Trustee, I simply found her testimony self-serving and incredible. These are large claims and she made no effort to corroborate her position with records. She revealed no attempts to communicate with the CC Creditors to dispute the obligation that she was reminded of every month that a new statement was mailed to her. She insisted that she did not use the accounts but provided no evidence that her husband did. Moreover, to the extent that the Trustee elicited responses and the Debtor believes he had no standing to do so, the questions his counsel posed were the precise questions I would have asked to test the credibility of a terse and uncommunicative witness whose credibility I must ultimately assess.

to one I made to determine if there was evidence of her use of the accounts. I agree with Debtor's counsel that most of the payments she made were the minimum payments on the outstanding balance. I also note that the account balance continued to grow with steep interest and other charges. Debtor does not contend that these charges were not proper but rather that she should not be held accountable for them. However, the reality is that she continued to keep the accounts open after her husband's demise, used them from time to time as her own evidence now acknowledges, and the hefty cost of doing so is attributable to her. She alone had the ability after her husband died to close the accounts. She chose to leave them open for available credit and paid dearly for the privilege. While the consequence of this decision is regrettable and would she have been better advised, the legal responsibility is nonetheless hers.

For the foregoing reasons, the Reconsideration Motion is denied.

*(signature)*

DIANE WEISS SIGMUND
Chief U.S. Bankruptcy Judge

Dated:   November 14, 2006

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re | : | Chapter 7 |
| | : | |
| CATHERINE O. PICCOLI, | : | Bankruptcy No. 05-35170DWS |
| aka Catherine A. Piccoli, | : | |
| aka Catherine Ann Piccoli, | : | |
| | : | |
| Debtor. | : | |

# ORDER

**AND NOW**, this 14th day of November, upon consideration of Debtor's Motion for Reconsideration (the "Reconsideration Motion") of Order Denying Objections to Proofs of Claim of Discover Bank/Discover and Citibank/Choice (together the "CC Creditors"), after notice and hearing, and for the reasons stated in the accompanying Memorandum Opinion;

It is hereby **ORDERED** that the Reconsideration Motion is **DENIED.**

_____
DIANE WEISS SIGMUND
Chief U.S. Bankruptcy Judge